*affd* 72 NY2d 587). (Appeals from order of Supreme Court, Chautauqua County, Ricotta, J.—summary judgment.) Present —Dillon, P. J., Callahan, Pine, Balio and Davis, JJ.

█ RALSTON PURINA COMPANY, Respondent-Appellant, v ARTHUR G. MCKEE & COMPANY, Respondent, and INDUSTRIAL FIRST, INC., et al., Appellants-Respondents. (Appeal No. 2.)—

Present—Dillon, P. J., Callahan, Pine, Balio and Davis, JJ.

█ RALSTON PURINA COMPANY, Respondent-Appellant, v ARTHUR G. MCKEE & COMPANY, Respondent, and INDUSTRIAL FIRST, INC., et al., Appellants-Respondents. (Appeal No. 3.)—

Present—Dillon, P. J., Callahan, Pine, Balio and Davis, JJ.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HOUSTON, Appellant.—

Moreover, counsel's failure to make a pretrial motion to suppress the evidence cannot be said to have deprived defendant of the effective assistance of counsel *(see, People v Rivera,* 71 NY2d 705, 709; *People v Baldi,* 54 NY2d 137; *People v White, supra,* at 860). Defendant failed to demonstrate "the absence of strategic or other legitimate explanations for counsel's failure to request a particular hearing" *(People v Rivera, supra,* at 709).

We have reviewed defendant's remaining contentions, including those raised in his *pro se* brief, and find them to be lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—criminal possession of controlled